TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

**UNITED STATES DISTRICT COURT**
**CONNECTICUT**
-----------------------------------------------------------X
MENGNI SUN,
*on her own behalf and on behalf of others similarly situated*

                              Plaintiff,
                              v.

BEAUTY LALA INC.
    d/b/a Sasa Nails and Spa; and
NEW SA SA NAIL LLC
    d/b/a Sasa Nails and Spa;
JIDONG WU
    a/k/a Ji Dong Wu,
LILI GAO
    a/k/a Li Li Gao,
JINSONG HUANG
    a/k/a Jin Song Huang,
LUJING WU
    a/k/a Lu Jing Wu, and
GUANHUA HUANG
    a/k/a Guan Hua Huang
                              Defendants.
-----------------------------------------------------------X

**Case No. 20-cv-01925**

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**FED. R. CIV. P. 23 CLASS**
**ACTION**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

      Plaintiff MENGNI SUN (hereinafter referred to as Plaintiff), on behalf of herself and others similarly situated, by and through her attorney, Troy Law, PLLC, hereby brings this complaint against Defendants BEAUTY LALA INC. d/b/a Sasa Nails and Spa; and NEW SA SA NAIL LLC d/b/a Sasa Nails and Spa and JIDONG WU a/k/a Ji Dong Wu, LILI GAO a/k/a Li Li Gao, JINSONG HUANG a/k/a Jin Song Huang, LUJING WU a/k/a Lu Jing Wu, and GUANHUA HUANG a/k/a Guan Hua Huang, and alleges as follows:

## INTRODUCTION

1. This action is brought by the Plaintiff MENGNI SUN, on behalf of herself as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and of the Connecticut Minimum Wage Act ("CMWA"), Connecticut General Statutes Section 31-68 *et seq.*, arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and CMWA by engaging in pattern and practice of failing to pay its employees, including Plaintiff, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that she is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages (3) liquidated damages, (4) prejudgment and post-judgement interest; and or (5) attorney's fees and cost.

4. Plaintiff further alleges pursuant to the Connecticut law, Connecticut General Statutes Section 31-68 *et seq.* and Connecticut Public Act 15-86 that she is entitled to recover from the Defendants: (1) double unpaid minimum wages, (2) double unpaid overtime compensation, (3) pre-judgment and post-judgment interest, and (4) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the the Connecticut Minimum Wage Act claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the the District of Connecticut pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7.      From on or about May 01, 2018 to October 30, 2018, Plaintiff MENGNI SUN was employed by Defendants to work as a Nail Salon Worker at 55 Turnpike Square, Milford, CT 06460.

## DEFENDANTS

*Corporate Defendants*

8.      Defendant BEAUTY LALA INC. d/b/a Sasa Nails and Spa is a domestic business corporation organized under the laws of the State of Connecticut with a principal address at 55 Turnpike Square, Milford, CT 06460.

9.      BEAUTY LALA INC. d/b/a Sasa Nails and Spa is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

10.     BEAUTY LALA INC. d/b/a Sasa Nails and Spa purchased and handled goods moved in interstate commerce.

11.     Defendant NEW SA SA NAIL LLC d/b/a Sasa Nails and Spa is a domestic business corporation organized under the laws of the State of Connecticut with a principal address at 55 Turnpike Square, Milford, CT 06460.

12.     NEW SA SA NAIL LLC d/b/a Sasa Nails and Spa is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

13. NEW SA SA NAIL LLC d/b/a Sasa Nails and Spa purchased and handled goods moved in interstate commerce.

*Owner/Operator Defendants*

14. JIDONG WU a/k/a Ji Dong Wu, known as "Big Boss" and Registered Agent of BEAUTY LALA INC. d/b/a Sasa Nails and Spa; and Officer of NEW SA SA NAIL LLC d/b/a Sasa Nails and Spa, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at BEAUTY LALA INC. d/b/a Sasa Nails and Spa; NEW SA SA NAIL LLC d/b/a Sasa Nails and Spa.

15. JIDONG WU a/k/a Ji Dong Wu acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with BEAUTY LALA INC. d/b/a Sasa Nails and Spa; NEW SA SA NAIL LLC d/b/a Sasa Nails and Spa.

16. LILI GAO a/k/a Li Li Gao known as Manager to Plaintiff and Vice President and Director of BEAUTY LALA INC. d/b/a Sasa Nails and Spa; and Officer of NEW SA SA NAIL LLC d/b/a Sasa Nails and Spa, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at BEAUTY LALA INC. d/b/a Sasa Nails and Spa; NEW SA SA NAIL LLC d/b/a Sasa Nails and Spa.

17. LILI GAO a/k/a Li Li Gao is the niece of JIDONG WU a/k/a Ji Dong Wu.

18. LILI GAO a/k/a Li Li Gao hired Plaintiff.

19. LILI GAO a/k/a Li Li Gao paid Plaintiff.

20. LILI GAO a/k/a Li Li Gao signed Sasa Nails and Spa checks.

21. LILI GAO a/k/a Li Li Gao issued W-2 and 1099 forms to Plaintiff.

22. LILI GAO A/K/A LI LI GAO acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with BEAUTY LALA INC. d/b/a Sasa Nails and Spa; NEW SA SA NAIL LLC d/b/a Sasa Nails and Spa.

23. JINSONG HUANG a/k/a Jin Song Huang known as Manager to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at BEAUTY LALA INC. d/b/a Sasa Nails and Spa; NEW SA SA NAIL LLC d/b/a Sasa Nails and Spa.

24. JINSONG HUANG a/k/a Jin Song Huang is the former husband of LILI GAO a/k/a Li Li Gao.

25. JINSONG HUANG A/K/A JIN SONG HUANG acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with BEAUTY LALA INC. d/b/a Sasa Nails and Spa; NEW SA SA NAIL LLC d/b/a Sasa Nails and Spa.

26. LUJING WU a/k/a Lu Jing Wu and President of BEAUTY LALA INC. d/b/a Sasa Nails and Spa, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and

method of payment, and (4) maintained employee records at BEAUTY LALA INC. d/b/a Sasa Nails and Spa; NEW SA SA NAIL LLC d/b/a Sasa Nails and Spa.

27.  LUJING WU a/k/a Lu Jing Wu is the daughter of JIDONG WU a/k/a Ji Dong Wu.

28.  LUJING WU a/k/a Lu Jing Wu acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with BEAUTY LALA INC. d/b/a Sasa Nails and Spa; NEW SA SA NAIL LLC d/b/a Sasa Nails and Spa.

29.  GUANHUA HUANG a/k/a Guan Hua Huang and Member of NEW SA SA NAIL LLC d/b/a Sasa Nails and Spa, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at BEAUTY LALA INC. d/b/a Sasa Nails and Spa; NEW SA SA NAIL LLC d/b/a Sasa Nails and Spa.

30.  GUANHUA HUANG a/k/a Guan Hua Huang acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with BEAUTY LALA INC. d/b/a Sasa Nails and Spa; NEW SA SA NAIL LLC d/b/a Sasa Nails and Spa.

## STATEMENT OF FACTS

31.  Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

32. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the Connecticut minimum wage for each hour worked.

33. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff her lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

34. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

35. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

36. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

37. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

38. Defendants knew that the nonpayment of overtime pay would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

*Plaintiff MENGNI SUN*

39. From on or about May 01, 2018 to October 30, 2018, Plaintiff MENGNI SUN

was employed by Defendants to work as a Nail Salon Worker at 55 Turnpike Square, Milford, CT 06460.

40. From on or about May 01, 2018 to October 30, 2018, Plaintiff MENGNI SUN's regular work schedule ran from 10:00 to 19:00 for (10) hours a day, 5 days a week for 50% of the time; 10:00 to 19:00 for (10) hours a day, 6 days a week for 50% of the time for a total of fifty-five (55) hours each week.

41. At all relevant times, Plaintiff MENGNI SUN did not have a fixed time for lunch or for dinner.

42. In fact, Plaintiff MENGNI SUN had fifteen (15) minutes to eat and even then she was on call, meaning that if client came, her break ended.

43. From on or about May 01, 2018 to October 30, 2018, Plaintiff MENGNI SUN was paid a flat compensation at a rate of eighty-five dollars ($85.00) per day.

44. At all relevant times, Plaintiff MENGNI SUN was not paid overtime pay for overtime work.

45. At all relevant times, Plaintiff MENGNI SUN was never informed of her hourly pay rate or any tip deductions toward the minimum wage.

46. Throughout her employment, Plaintiff MENGNI SUN was not compensated at least at one-and-one-half her promised hourly wage for all hours worked above forty (40) in each workweek.

## COLLECTIVE ACTION ALLEGATIONS

47. Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in

this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

48. Plaintiff brings her Connecticut Minimum Wage Act claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is two years before the filing of the Complaint in this case as defined herein (the "Class Period").

49. All said persons, including Plaintiff, are referred to herein as the "Class."

50. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

51. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

52. There are questions of law and fact common to the Class which predominate

over any questions affecting only individual class members, including:

    a.    Whether Defendant employed Plaintiff and the Class within the meaning of the Connecticut law;

    b.    Whether Plaintiff and Class members are entitled to and paid minimum wage and overtime under the CMWA;

    c.    At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

*Typicality*

53. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

54. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

*Superiority*

55. A class action is superior to other available methods for the fair and efficient

adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

56. Upon information and belief, Defendants and other employers throughout the state violate the PAMWA. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure

employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
### [Violations of the Fair Labor Standards Act—Unpaid Wage Brought on behalf of the Plaintiff and the FLSA Collective]

57. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

58. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff in full, and the similarly situated collective action members, for some or all of the hours they worked.

59. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

60. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT II.
### [CMWA Minimum Wage Violations On Behalf of Plaintiff and Rule 23 Class]

61. At all relevant times, Plaintiff was employed by the Defendants within the meaning of Conn. Gen. Stat. §31-58(f).

62. This claim is brought individually on behalf of the named plaintiff as well as on behalf of the Class.

63. Defendants willfully violated the rights of Plaintiff and all other members of the Connecticut Class by failing to pay minimum fair wage for all hours worked in violation of Conn. Gen. Stat. §31-62.

64. Defendants willfully violated the rights of Plaintiff and all other members of the Connecticut Class by unlawfully deducting from employees' minimum fair wage by requiring delivery employees to pay out of pocket for gasoline and automobile expenses in violation of Conn. Gen. Stat. §31-62-E7.

65. Defendants willfully failed to distribute records of hours worked, earnings, and overtime to the restaurant workers, in violation of Conn. Gen. Stat. §31-13a.

66. Defendants willfully failed to keep records of hours worked by the restaurant workers, in violation of Conn. Gen. Stat. §31-66.

67. Based upon the foregoing, Defendants' conduct in this regard was a willful violation of the CMWA, and entitles Plaintiffs and all other members of the Connecticut Class to compensation for all hours worked at the full minimum wage, penalty damages, interest, and court costs.

1. Defendants' conduct in failing to pay Plaintiffs and all other members of the Connecticut Class their earned compensation was unreasonable, arbitrary and/or in bad faith, in that Defendants knew or should have known that they were entitled to be paid the full fair minimum wage for all hours worked, but failed to do so. Accordingly, Plaintiffs and all other members of the Connecticut Class are entitled to compensation for all hours worked at the full fair minimum wage, penalty damages, attorneys' fees, and court costs.

### COUNT III.
**[Violations of the Fair Labor Standards Act—Failure to Pay Overtime
Brought on behalf of the Plaintiff and the FLSA Collective]**

68. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as

though fully set forth herein.

69. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

70. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

71. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

72. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

73. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

74. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

75. Defendants knowingly and willfully disregarded the provisions of the FLSA as

evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT IV.
### [CMWA Overtime Violations On Behalf of Plaintiff and Rule 23 Class]

76. At all relevant times, Plaintiff was employed by the Defendants within the meaning of Conn. Gen. Stat. §31-58(f).

77. This claim is brought individually on behalf of the named plaintiff as well as on behalf of the Class.

78. Defendants willfully violated the rights of Plaintiff and all other members of the Connecticut Class by failing to pay overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of Conn. Gen. Stat. §31-76c.

79. Defendants willfully failed to distribute records of hours worked, earnings, and overtime to the restaurant workers, in violations of Conn. Gen. Stat. §31-13a.

80. Defendants willfully failed to keep records of hours worked by the restaurant workers, in violation of Conn. Gen. Stat. §31-66.

81. Based upon the foregoing, Defendants' conduct in this regard was a willful violation of the CMWA, and entitles Plaintiffs and all other members of the Connecticut Class to overtime compensation for all hours worked in excess of forty per week at one and one-half times the regular rate, penalty damages, interest, and court costs.

82. Defendants' conduct in failing to pay Plaintiffs and all other members of the Connecticut Class their overtime compensation was unreasonable, arbitrary and/or in bad

faith, in that Defendants knew or should have known that they were entitled to be paid for all hours worked in excess of forty per week at one and one-half times the regular rate, but failed to do so.  Accordingly, Plaintiffs and all other members of the Connecticut Class are entitled to compensation for all hours worked at one and one-half times the regular rate, penalty damages, attorneys' fees, and court costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and CMWA;

e) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid minimum wage and overtime wages due under FLSA and CMWA due Plaintiff and the Collective Action members plus compensatory and liquidated damages;

g) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b);

i) The cost and disbursements of this action;

j) An award of prejudgment and post-judgment fees;

k) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiffs demand a trial by jury on all questions of facts.

Dated: Flushing, New York

TROY LAW, PLLC
*Attorneys for the Plaintiff, proposed FLSA Collective and Proposed Class Plaintiffs*
By:     /s/ John Troy
John Troy (JT0481)
41-25 Kissena Boulevard Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
Email: johntroy@troypllc.com